**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

NATHANIEL A. CURTIS,                      )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          Case No. CIV-26-1101-HE
                                          )
VICKI ZEMP BEHENNA,                       )
                                          )
          Defendant.                      )

## REPORT AND RECOMMENDATION

Plaintiff Nathaniel A. Curtis and Plaintiff Love Jean LLC filed a complaint and a separate Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), Doc. 2.  United States District Judge Jodi W. Dishman referred the Application to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Doc. 3.  Prior to the undersigned's review, however, Plaintiff Curtis ("Plaintiff") filed an Amended Application to Proceed in District Court Without Prepaying Fees or Costs ("Amended Application"), Doc. 5, and Judge Dishman dismissed Plaintiff Love Jean, LLC, Doc. 6.  The case was then transferred to United States District Judge Joe Heaton, Doc. 7, who referred the Amended Application to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Doc. 8.

After review, the undersigned recommends that the Court deny the Application, Doc. 2, as moot.  The undersigned further recommends that the Court deny the Amended Application, Doc. 5.

## I.   Discussion

The filing fee for a civil case in this Court is $405.00.[1]  Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified).  To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees."  *Lister*, 408 F.3d at 1312.

### A.   Factors for consideration

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources."  *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified).  The undersigned has not reviewed the complaint.  Doc. 1; *see* Doc. 8 (referring only the Amended Application). But even assuming the complaint is not frivolous or malicious,[2] the remaining factors

---

[1] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

[2] The undersigned notes that the complaint in *Curtis v. Behenna*, No. CIV-26-1100-HE, is substantially the same as the Complaint in this action and Judge Mitchell has found that "action likely to be frivolous."  *Curtis v. Behenna*, No. CIV-26-1100-HE, Doc. 8 at 3 (Report and Recommendation, June 3, 2026) (recommending denial of identical amended application for leave to proceed IFP).

weigh against granting Plaintiff's Amended Application.  Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application).  With respect to income, the Court considers the degree to which Plaintiff's monthly income exceeds his monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars").

## B.    Plaintiff's financial information

The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on his Amended Application.  As an initial matter, the undersigned notes that Plaintiff used the IFP application for prisoner cases, and Plaintiff is not a prisoner. Additionally, Plaintiff did not sign the Amended Application, Doc. 5 at 3, which alone is grounds for recommending denial of IFP status.  *See* Fed. R. Civ. P. 11(a) (mandating signature on "every pleading, written motion, and other paper").

Considering the merits of the Amended Application, Plaintiff attests that he earns approximately $600.00 to $800.00 per month.  Doc. 6 at 2.  He reports $265.37 in cash or a bank account.[3]  *Id.*  He further attests that he has assets in the amounts of approximately

---

[3] The figure listed is difficult to read and the undersigned notes that Judge Mitchell interpreted it as "$165.37." *Curtis v. Behenna*, No. CIV-26-1100-HE, Doc. 8 at 3 n.3.

$16,000.00 to $17,000.00 in "vehicle" and $250,000.00 in "copy rights." *Id.* at 3. The prisoner form does not request information regarding monthly expenses (which the non-prisoner form does), and Plaintiff does not list any monthly expenses on the form. Plaintiff also includes bank statements from December 2025 (with an ending balance of $712.64); January 2026 (with an ending balance of $33.54); February 2026, March 2026, April 2026, and May 2026 (with an ending balance of $1.14). Doc. 5-1. He further states that he does not have any children, is "currently living out of [his] vehicle," "pay[s] no utilities," and only consumes food "on days [he is] scheduled to work—as of now." Doc. 5-2 at 2.

Based on the information provided in the Amended Application, the undersigned recommends denial. Plaintiff reports monthly take-home pay and no monthly expenses. In addition, Plaintiff reports substantial assets. "While this Court does not suggest that the plaintiff is wealthy or has lots of money to spend, he does appear to have discretionary income and/or assets and it appears that [he] has the ability to spend [his] discretionary funds on filing fees if he desires." *Williams v. Oklahoma*, No. CIV-16-163-R, 2016 WL 7665657, at *2 (W.D. Okla. Feb. 23, 2016) (citation modified) (R&R), *adopted*, 2016 WL 7665658 (W.D. Okla. Apr. 4, 2016), *aff'd*, 667 F. App'x 733 (10th Cir. 2016); *see also Brewer*, 24 F. App'x at 979 (affirming denial of IFP status because plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars"); *Durley v. Oklahoma*, No. CIV-25-34-SLP, 2025 WL 510977, at *2 (W.D. Okla. Jan. 17, 2025) ("The Court may consider Plaintiff's assets in determining his indigency." (citation modified)) (R&R), *adopted*, 2025 WL 510930 (W.D. Okla. Feb. 14, 2025). The undersigned therefore finds

4

Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312; *accord Curtis v. Behenna*, No. CIV-26-1100-HE, Doc. 8 at 5.

## II.      Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, as moot; and **DENY** Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5.  The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than July 1, 2026.  *See id*. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 10th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE